SLIP OPINION

Cite as 2015 Ark. App. 550

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–152

| | |
|---|---|
| MATTHEW BRIAN BURNSIDE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 7, 2015<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-12-993]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br>AFFIRMED |

## M. MICHAEL KINARD, Judge

Appellant Matthew Burnside was convicted by a Faulkner County jury of two counts of rape and one count of second-degree sexual assault. On appeal, he challenges the sufficiency of the evidence to support the rape convictions. We affirm.

The victim, M.H., testified that appellant was her mother's live-in boyfriend at the time of the alleged events in 2011 and 2012, when M.H. was twelve and thirteen years old. M.H. testified that appellant had sex with her in his truck, in their camper, and in their house a total of about five times. She described in greater detail the first time appellant touched her, which occurred after he pulled his truck over while the two were driving to the store, took her shorts off, and unzipped his pants. After the trial court sustained appellant's objection to leading questions, M.H. testified that sex meant "the penis inserted in the [vagina]." M.H. testified that she could not remember everything from two years ago because she tried to block out the details, but she was one hundred percent sure that

appellant had sex with her in the truck, the camper, and their home.

M.H. eventually told friends and a school counselor the day after appellant had tried to touch her again. These individuals testified that M.H. feared that appellant was going to have sex with her again. A sexual-assault nurse examiner who examined M.H. at a child-advocacy center testified that, although about ninety-five percent of children with past-penetrating trauma have normal physical exams, M.H.'s exam revealed a finding that was consistent with the allegations.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Price v. State*, 2010 Ark. App. 111, 377 S.W.3d 324. We affirm a conviction if substantial evidence exists to support it. *Id*. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. The duty of resolving conflicting testimony and determining the credibility of witnesses is left to the discretion of the jury. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297 (2009).

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(A)(3) (Repl. 2013). "Sexual intercourse" means penetration, however slight, of the labia majora by a penis. Ark. Code Ann. § 5-14-101(11) (Repl. 2013).

Appellant contends that M.H. was unable to give a full and detailed account of his actions and that the only details she provided without explicit prompting from the prosecutor

were insufficient to establish rape. We disagree. A rape victim's testimony may constitute substantial evidence to sustain a conviction for rape, even when the victim is a child. *Kelley*, *supra*. The testimony of the victim, standing alone, is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *Price*, *supra*. The rape victim's testimony need not be corroborated, nor is scientific evidence required, and the victim's testimony describing penetration is enough for a conviction. *Id*. It is similarly not necessary for the State to prove specifically when and where each act of rape or sexual contact occurred, as time is not an essential element of the crimes. *Id*.

M.H. testified that appellant had sex with her in three locations and that by sex, she meant vaginal penetration by appellant's penis. Thus, her testimony satisfied the statutory elements of two counts of rape with sufficient detail. We hold that substantial evidence supports appellant's convictions.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.